IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM ALI, #58870, *also known as* WILLIAM COLE, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 17−cv−00319−MJR ) ) |
| CIRCUIT COURT OF MADISON COUNTY, ILLINOIS, KYLE NAPP, RICHARD TOGNARILLI, NEIL SHRODER, JENNIFER HIGHTOWER, KATIE WARREN, MORGAN HARMENSON, and UNKNOWN PARTY, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff William Ali (a/k/a William Cole), a detainee at Madison County Jail ("Jail") located in Edwardsville, Illinois, brings this action against the Madison County Circuit Court, four circuit court judges, a prosecuting attorney, his public defender, and his arresting officer pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. Plaintiff claims that these individuals violated his constitutional rights in connection with criminal proceedings that are now pending in Madison County Circuit Court. (Doc. 1, p. 6). He asks this Court to order that all charges be dropped against him, to order his release from custody, and to award him monetary damages. (Doc. 1, p. 8).

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

1

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint does not survive preliminary review under this standard.

## The Complaint

The Complaint consists of a list of constitutional deprivations that allegedly occurred in connection with Plaintiff's arrest on February 3, 2016, and his subsequent criminal proceedings in three cases that are pending in Madison County Circuit Court. (Doc. 1, pp. 5-6). Plaintiff maintains that the warrant for his arrest was issued without probable cause, an affirmation, or oath in violation of the Fourth Amendment. (Doc. 1, p. 6). He claims that Judge Shroder failed to "respect" him as an "Aboriginal Indigenous American," known as "William Ali, ex rel.

William Cole" on February 14, 2017.  *Id*.  Plaintiff complains of Fifth Amendment due process violations resulting from the defendants' failure to reveal the basis for jurisdiction over him.  *Id*. In addition, he complains of due process violations that resulted from the defendants' decision to move forward with criminal charges in Case Nos. 16 CF 1758 and 16 CF 3123 even after his fiancé filed a "cease and desist" "affidavit" demanding that the State of Illinois discontinue its efforts to pursue charges, protective orders, further injury, or punishment against Plaintiff.  (Doc. 1, p. 7).

Finally, Plaintiff maintains that the defendants have denied him a speedy trial, denied him discovery, used "unlawful and unconstitutional tactics," used "oppressive acts of state government," allowed "unreasonable delays," and have taken arbitrary actions against him, in violation of the Sixth and Fourteenth Amendments.  (Doc. 1, p. 6).  In support of these claims, Plaintiff explains that no court stenographer was present at a hearing before Judge Shroder on February 14, 2017.  *Id*.  He complains that Judge Napp was formally assigned to his cases, but he has appeared before three other judges as well, including Judge Hightower, Judge Shroder, and Judge Tognarilli.  *Id*.  Plaintiff's criminal cases have been pending since February 3, 2016, and Plaintiff was not allowed to appear at hearings that were scheduled or rescheduled in these matters on three different dates in March 2017.  *Id*.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to organize the *pro se* action into a single count:

> **Count 1** - Defendants illegally arrested, charged, and prosecuted Plaintiff in Madison County Circuit Court Case Nos. 16 CF 313, 16 CF 1758, and 16 CF 3123, in violation of his constitutional rights and the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346, 2671-80.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion as to its merit.

## Discussion

Count 1 does not survive screening and shall be dismissed with prejudice. Plaintiff invokes the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, as the only basis for jurisdiction. The FTCA provides jurisdiction for suits against the United States regarding torts committed by federal officials. *See* 28 U.S.C. § 1346(b)(1) (authorizing "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."). Plaintiff has not named the United States as a defendant, and he asserts no claims against a federal official. *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (United States is only proper defendant in FTCA action). He also offers no other basis for jurisdiction.

In addition, Plaintiff seeks this federal court's intervention into his three pending state criminal cases. This is improper for numerous reasons. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court announced the abstention doctrine. The doctrine discourages federal courts from taking jurisdiction over federal constitutional claims when doing so would interfere with pending state court proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 677 (7th Cir. 2010). Under the *Younger* abstention doctrine, federal courts must refrain from interfering in ongoing state proceedings that are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention

inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). *See also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Sweeney v. Bartow*, 612 F.3d 571 (7th Cir. 2010); *Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986); *Neville v. Cavanaugh*, 611 F.2d 673, 675 (7th Cir. 1979). An exception to the *Younger* abstention doctrine is sometimes triggered by "extraordinary" or "special" circumstances that may include double jeopardy or the denial of a speedy trial. *Braden*, 410 U.S. at 489-92; *Sweeney*, 612 F.3d at 573.

The *Younger* abstention doctrine is implicated here. Plaintiff seeks this court's intervention in three pending state criminal proceedings in Madison County Circuit Court. These proceedings are judicial in nature, and all three involve important state interests, *i.e.*, the adjudication of state criminal law violations. Plaintiff has not suggested that he is unable to seek meaningful review of his federal constitutional claims in the context of those proceedings. Beyond an unsupported and conclusory assertion that he has been denied a speedy trial, he offers no extraordinary reason why the federal court's intervention in any of these matters is necessary. The litigation of Plaintiff's constitutional claims in federal court could certainly undermine ongoing state criminal proceedings. *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (*en banc*); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (7th Cir. 1998)).

Typically, a federal district court that is presented with a colorable federal civil rights claim for money damages should stay the federal claim, rather than dismiss it. This preserves the claim, so that it does not become time-barred while the criminal matter remains pending. This is

not the typical case.

A stay of Plaintiff's constitutional claims is unwarranted. The Complaint fails to raise a colorable federal civil rights claim against any named defendants. In fact, Plaintiff does not even bring his claims under 42 U.S.C. § 1983. As already discussed, he invokes the FTCA as the only basis for jurisdiction.

Even if he brought this action pursuant to § 1983, however, Plaintiff's claims would still not warrant a stay. With the exception of the unknown arresting officer, Plaintiff has named defendants who are not subject to suit under § 1983. For example, Plaintiff names the "Circuit Court" as a defendant, but this defendant is not a person who is subject to suit. Plaintiff sues his public defender, who was not acting under color of state law when performing traditional functions as counsel to Plaintiff in his criminal proceedings. *See, e.g., Polk Co. v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff also sues four circuit court judges for solely judicial acts, and these four defendants are protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989). Finally, the prosecuting attorney is immune from suit under § 1983 for money damages for the initiation and presentation of the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Bianchi v. McQueen*, 818 F.3d 309, 316 (7th Cir. 2016) ("Prosecutors are absolutely immune from liability for damages under § 1983 for conduct that is functionally prosecutorial; this immunity is understood to broadly cover all conduct associated with the judicial phase of the criminal process.").

Beyond this, Plaintiff's factual allegations against these defendants are threadbare. He

does not even mention some of them in the statement of claim, including the prosecuting attorney and his public defender. (Doc. 1, pp. 6-7). He mentions several others only in passing, including Judges Napp, Tognarilli, and Hightower. *Id*.

The allegations that are set forth in the Complaint against the remaining defendants are conclusory or patently frivolous. For example, Plaintiff baldly asserts that the arresting officer lacked probable cause to arrest him because the warrant was issued without "affirmation" or "oath." (Doc. 1, p. 6). He offers no other allegations in support of this claim. Plaintiff asserts a claim against Judge Shroder for "disrespect" without citing any constitutional basis for the claim. *Id*. Plaintiff asserts still another claim against all of the defendants for disregarding his fiancé's "cease and desist" "affidavit" demanding that the State of Illinois stop prosecuting him and release him immediately. (Doc. 1, p. 7). Still other claims are based on vague lists of wrongs allegedly perpetrated against Plaintiff by the defendants, such as the list set forth in support of Plaintiff's final Sixth and Fourteenth Amendment claims above. (Doc. 1, p. 6). The allegations fall far short of satisfying the basic pleading requirements set forth under *Iqbal* and *Twombly*. Moreover, they are frivolous.

In addition, Plaintiff seeks release from confinement. The Court has no authority to order his release from custody. Monetary relief is available under § 1983, but release from custody is not. Such requests are more appropriately brought in a habeas petition filed in state or federal court.

For each of the reasons set forth above, Count 1 is dismissed with prejudice. The Court declines to intervene in the pending state criminal proceedings Plaintiff now seeks to challenge. Further, the Court declines to grant Plaintiff leave to re-plead his claims under § 1983 or stay this matter until the criminal cases have concluded. The Complaint sets forth no non-frivolous

constitutional claim against the defendants, even if construed as an action brought pursuant to § 1983. Accordingly, the Complaint and this action shall be dismissed with prejudice. Plaintiff shall also receive one of his three allotted "strikes" pursuant to 28 U.S.C. § 1915(g).

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is **DISMISSED** with prejudice because it is frivolous. Plaintiff's Complaint (Doc. 1) and this action are **DISMISSED** with prejudice because they are also frivolous.

**IT IS ALSO ORDERED** that Defendants **CIRCUIT COURT OF MADISON COUNTY, ILLINOIS, KYLE NAPP, RICHARD TOGNARILLI, NEIL SHRODER, JENNIFER HIGHTOWER, KATIE WARREN, MORGAN HARMENSON,** and the **UNKNOWN PARTY (arresting officer)** are **DISMISSED** from this action with prejudice.

This Order in no way precludes Plaintiff from pursuing relief under state tort law or seeking state or federal habeas relief. *See Polk Co. v. Dodson*, 454 U.S. 312, n. 18 (1981). Further, the dismissal of this action is without prejudice to Plaintiff bringing a future civil rights suit against a non-immune defendant involved in his arrest or detention, following the conclusion of his pending state prosecutions. Nothing herein shall be considered a comment on the potential merits of such a suit.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). A motion for leave to

appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. CIV. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: May 9, 2017**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**